PONDER, Justice.
 

 The plaintiffs, six resident taxpayers of School District No. 6 of Beauregard Parish, brought this suit against the Parish School Board seeking to set aside a tax election held in the school district, and to enjoin the School Board from proceeding further under authority of the election.
 

 The School Board held qn election on August 21, 1945, in the school district on a proposition to issue bonds in the amount of $90,000 for the purpose of constructing a school building. The canvass of the returns of the election and the promulgation thereof show that 77 persons, with an assessed property valuation of $61,679, voted in favor of the proposition, and 40 persons, with an assessed property valuation of $35,340, voted against the proposition, whereby the election was carried in favor of the proposition by a majority of 37 votes in number and $26,399 in property valuation.
 

 The plaintiffs attacked the election on the ground that the proposition had failed to carry by a majority in property valuation of voters entitled under the law to a vote in the election, and that it was only by the acceptance of illegal ballots that the election was carried insofar as the property valuation was concerned.
 

 Upon trial, the lower court reached the conclusion, after rejecting, reducing, and approving certain ballots, that the election carried by an assessed valuation of property in the amount of $1,389.
 

 Plaintiffs appealed, and rely on three assignments of error. The defendant did not appeal or answer the appeal. Consequently, the only questions presented, for our determination are the three assignments of error urged by the plaintiffs.
 

 Assignment of error Number 1 is leveled at the lower court’s acceptance of the ballot
 
 *448
 
 of Sidney J. Beyeaux. Plaintiffs contend that Beyeaux was not qualified to vote in the election for the reason that he had not been an actual bona fide resident of the parish for one year,, and of the precinct for three months, prior to the election.
 

 The record shows that Beyeaux voted an assessed valuation of $18,000 at the election. The lower court found that he had voted $14,240 in excess of his assessment, and reduced the amount accordingly in its judgment to $3,760.
 

 It appears that Beyeaux, a resident of Sulphur in the Parish of Calcasieu, bought a tract of land on June 16, 1944, from R.J. Sellers, lying in School District No. 6 of Beauregard Parish.
 

 The only testimony in the record tending to show that Beyeaux was a bona fide resident of the school district consists of the testimony of two neighbors, who in effect testified that shortly after Beyeaux acquired the Sellers property he moved some cattle and horses on the property and spent about half of his time at' the Sellers place looking after the farm. During this period of time his family continued to reside at Sulphur, in Calcasieu Parish.
 

 On June 25, 1945, Beyeaux purchased another tract of land from Herbert Eisenblatter, with all improvements, including live stock and farm implements. It is recited in this deed that Sidney J. Beyeaux is1 a resident of Calcasieu Parish. Shortly after the acquisition of this property Beyeaux moved his family to the Eisenblatter place. We find in the record also a copy of a mori¿age executed by Sidney J. Beyeaux to Herbert Eisenblatter of date June 25, 1945, wherein it is recited that Beyeaux was a resident of Sulphur, Louisiana. There is also in the record a copy of an application for homestead exemption, signed by Beyeaux on March 20, 1945, and filed with the Assessor of Calcasieu Parish, wherein it is recited that he resided on property in that parish.
 

 Neither Beyeaux nor his wife testified in the case, and there is no other evidence' tending to show that he intended to become a resident of Beauregard Parish prior to the time that he moved his family on the Eisenblatter place a short time before the tax election. There is a copy of the summons issued to Beyeaux and his wife as witnesses in the case, but the record does not show why they failed to testify.
 

 Under the provisions of Article 14, Section 14(a) of the Constitution of Louisiana, the school board may incur debt and issue negotiable bonds when authorized by a vote of a majority in number and amount of the property taxpayers qualified to vote under the Constitution and laws of the State. In discussing what is meant by a property taxpayer under this provision of the Constitution, this Court stated that it means a person who is such in “reality” at the moment he offers to vote, and not one that merely, appears to be such by the as
 
 *450
 
 sessments rolls. Peck v. Board of Directors, etc., 137 La. 334, 68 So. 629.
 

 Under the provisions of Article 8, Section 1 of the Constitution, a person is not entitled to vote unless he has been an actual bona fide resident of the State for two years, the parish for one year, and the precinct for three months next preceding the election. In addition, he must at the time he offers to vote be legally registered in accordance with the Constitution and laws of the State. By the same token that a property taxpayer must in reality be such at the time he offers to vote, the prospective voter must be an actual bona fide resident within the contemplation of the Constitution.
 

 The constitutional provision above referred to, authorizing the parish to incur the debt and issue the bonds, necessarily contemplates that the debt incurred for which the bonds are issued is not to be incurred under any other conditions than those therein prescribed. Police Jury of Parish of West Feliciana v. Stafford, 129 La. 455, 56 So. 366.
 

 Section 13 of Act No. 46 of 1921, Ex. Sess., as amended by Act No. 282 of 1938 and Act No. 6 of 1940, Ex.Sess., Dart’s, § 8866, provides:
 

 “Only property taxpayers qualified as electors under the Constitution and laws of this State shall be entitled to vote at any election hereunder. The qualifications of such taxpayers as voters shall be those of age, residence and registration as voters, as prescribed by the Constitution and statutes without regard to sex. There shall be no voting by proxy.”
 

 It is to be observed that only property taxpayers qualified as electors under the Constitution and laws of the State are entitled to vote at such tax elections, and that residence as prescribed by the Constitution is essential in reality.
 

 Article 14, Section 14(n) of the Constitution gives any person in interest the right to contest the legality of the election for any cause, within sixty days from the date of the promulgation of the result of the tax election. A like right is given by Section 43 of Act No. 46 of 1921, Ex.Sess. Under these provisions of the Constitution and the statute, the intention is evident that those not actually possessing the qualifications to vote in such election were not to be given the right to impose taxes upon qualified taxpayers.
 

 It has been urged by the defendant that the laws dealing with the purging of the registration rolls should have been resorted to by the plaintiff. These laws are not applicable to tax elections for the reason that tax elections are governed by special provisions of the Constitution and special statutes.
 

 The question then resolves itself as to whether or not Beyeaux was an actual bona fide resident of the school district for the period of time required by the Constitution
 
 *452
 
 and laws of this State at the time he offered to vote.
 

 The question as to whether one is an actual hona fide resident of a new place depends on the intention of the party, as residence once established is retained until another is acquired. The record shows unquestionably that Beyeaux had established a residence at Sulphur, Louisiana, prior to the acquisition of the Sellers property. Whether he intended to establish a residence when he purchased the Sellers property must he determined by his expressions, conduct, and the testimony in the record. The testimony in the record of the two witnesses is not, in our opinion, sufficient to show that such was his intention at that time, especially since the documentary evidence is to the contrary and should be given consideration in the absence of any expression on Beyeaux’s part that he intended to establish a residence in Beauregard Parish at the Sellers place. In fact, the subsequent developments, the purchase of the Eisenblatter property and the moving of his family thereon, indicate that it was then he intended to establish a residence in the school district.
 

 The Eisenblatter property was purchased by Beyeaux on June 25, 1945; sometime thereafter he moved his family thereon. The tax election was held on August 21, 1945. Consequently, Beyeaux was not an actual bona fide resident as contemplated by the Constitution and laws of the State for the prescribed period at the time he voted at the tax election, and the valuation he voted should not be accepted.
 

 It is not necessary to consider the other two assignments of error for the reason that the election has failed to carry in amount of valuation by the rejection of Beyeaux’s vote.
 

 For the reasons assigned, the judgment of the lower court is reversed and set aside; the tax election is decreed null and void, and the injunction issued herein is reinstated and perpetuated,' prohibiting defendant from proceeding any further under authority of the election. All legal costs are to be paid by the defendant.